UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES M. GUTHRIE, | § |
| | § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. 4:12-CV-1761 |
| | § |
| KOKILA NIAK, *et al*, | § |
| | § |
| Defendants. | § |

## **MEMORANDUM AND ORDER**

Plaintiff James M. Guthrie, a state inmate proceeding *pro se*, filed a civil rights Complaint (Docket No. 1) under 42 U.S.C. § 1983 and a More Definite Statement (Docket No. 10) alleging denial of medical care in violation of the Eighth Amendment. After screening Plaintiff's claims, the Court ordered service of process upon Defendants. Before the Court are motions to dismiss filed by Defendants Adams, Palacio, Khurshid (Docket No. 26) and Livingston (Docket No. 29). Defendants Clark, Dostal and Williams have answered the Complaint and filed a motion to stay summary judgment proceedings, and two motions to compel, which are now pending.[1] (Docket Nos. 44, 81, 91.) Also pending, are numerous motions filed by Plaintiff. The Court will first address the motions to dismiss and Defendants' non-dispositive motions before summarily disposing of each of Plaintiff's motions.

### **MOTIONS TO DISMISS**

Defendants Adams, Palacio, Khurshid and Livingston move for dismissal asserting that Plaintiff's Complaint and related materials fail to allege facts showing that they were directly involved in any violation of Plaintiff's civil rights. Plaintiff responded to these motions in his First Response to Defendants' Answer to the Plaintiff's Complaint. (Docket No. 35.)

---

[1] The two remaining Defendants, Dr. Niak and Dr. Ahmad, are no longer employed by TDCJ and have not yet been served. The Texas Attorney Generals' office provided last known addresses for these individuals under seal and the Court has directed service at those addresses in a separate order.

**I.     Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the *Iqbal-Twombly* standard, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly,* 550 U.S. 544).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief--including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly,* 550 U.S. at 555); *see also S. Scrap Material Co. v. ABC Ins. Co. (In re S. Scrap Material Co.)*, 541 F.3d 584, 587 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1669 (2009).  Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 129 S. Ct. at 1949.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly,* 550 U.S. at 557).

In reviewing a motion under Rule 12(b)(6), a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff."  *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citation omitted).  Moreover, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them.  *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972);

*Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2000). On a motion to dismiss, the court's review is generally limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S. Ct. 2499, 2509 (2007)). Documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000); *accord Benchmark Electronics, Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 725 (5th Cir. 2003). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isguith ex rel. Isguith v. Middle South Utilities, Inc.,* 847 F.2d 186, 194 n.3 (5th Cir. 1988). However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[, and a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

When a plaintiff's complaint fails to state a claim, the court generally gives the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002). However, a district court has broad discretion to dismiss without leave to amend "where the plaintiff has previously been granted leave to amend [to cure pleading deficiencies] and has subsequently failed to add the requisite particularity to its claims." *Zucco Partners, LLC*

3

v. *Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir. 2009); *see also Carroll v. Fort James Corp.,* 470 F.3d 1171, 1175 (5th Cir. 2006).

## II.    Defendant Khurshid

Plaintiff alleges that Dr. Khurshid, an ophthalmologist, violated Plaintiff's civil rights by refusing to perform a necessary eye surgery.  (Docket No. 10 at 5-7.)  Plaintiff alleges that Dr. Khurshid initially told Plaintiff that he needed two separate surgeries to prevent loss of vision in his right eye, but after completing the first surgery Dr. Khurshid refused to perform the second surgery citing TDCJ's refusal to pay for it.  Plaintiff alleges that the surgery was denied based on contractual disputes between the hospital and TDCJ.  Plaintiff further alleges that Dr. Khurshid acknowledged Plaintiff could lose sight in his eye without the surgery, but still refused to perform it due to a lack of authorization or funds.  Plaintiff states that he has gone blind in his right eye due to being denied the second surgery.

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  However, "[d]eliberate indifference is an extremely high standard to meet," *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001), and requires a showing of unnecessary and wanton infliction of pain, rising "to the level of egregious intentional conduct." *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1999); *Gobert v. Caldwell,* 463 F.3d 339, 351 (5th Cir. 2006).  A claim that medical personnel made an incorrect diagnosis does not state a cause of action for deliberate indifference.  *Domino v. Texas Department of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (citing *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)).  Moreover, a decision not to provide additional or different treatment "is a classic example of a matter for medical judgment" rather than a basis for an Eighth Amendment claim. *Estelle,* 429 U.S. at 107.  It is also well settled that "[d]isagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."  *Norton v. Dimizana,*

122 F.3d 286, 292 (5th Cir. 1997). Instead, to state a claim for deliberate indifference a plaintiff must allege facts showing that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson,* 759 F.2d at 1238.

Plaintiff has not alleged sufficient facts to state a plausible Eighth Amendment claim against Defendant Khurshid. Instead, Plaintiff's allegations show that Dr. Khurshid recommended and intended to perform the second surgery but was prevented from doing so by prison officials' alleged refusal to authorize or pay for it. Although Plaintiff argues that Dr. Khurshid should have performed the surgery regardless of TDCJ's willingness to pay for it, this argument has no merit. Plaintiff has not offered any legal basis for imposing liability on an outside medical provider based solely on refusal to provide medical treatment to an inmate free of charge. Nor is it reasonable to assume that Khurshid could have done so without authorization. Regarding Plaintiff's contention that the second surgery was withheld due to "contract negotiations" between the prison and medical providers, there are no facts to support the inference that Dr. Khurshid had any control over such matters. Although Plaintiff's allegations support a claim against prison officials for refusing to authorize or pay for the surgery, they do not show deliberate indifference by Dr. Khurshid. Thus, Dr. Khurshid's motion to dismiss is GRANTED.

### III. Defendant Palacio

Plaintiff alleges that Defendant Palacio, a physical therapist, subjected Plaintiff to cruel and unusual punishment by requiring Plaintiff to comply with painful treatment protocols and then removing Plaintiff from treatment when he failed to comply. Plaintiff further alleges that after removing Plaintiff from treatment, Palacio made false entries in Plaintiff's medical records stating that Plaintiff had refused to participate. Palacio also allegedly made false notations about

5

Plaintiff doing other physical activities, suggesting that Plaintiff was malingering. (Docket No. 10 at 15.)

Plaintiff's allegations are not sufficient to show deliberate indifference by Defendant Palacio. While Plaintiff may disagree with Palacio's assessment, Plaintiff has not presented any facts that would support the inference that Palacio intended to harm Plaintiff or was indifferent to Plaintiff's medical needs. Instead, Plaintiff's allegations show only a difference of opinion regarding Plaintiff's capabilities and performance in physical therapy. Moreover, there are no facts showing that Plaintiff suffered any substantial harm as a direct result of Palacio's actions or statements. Although Plaintiff vaguely asserts that Palacio's actions prevented Plaintiff from receiving needed treatment, this connection is tenuous at best. Regarding Plaintiff's allegations about falsifying medical records, the Fifth Circuit has recognized that allegations of false documentation in a prisoner's medical records are not sufficient to state a claim under Section 1983. *Pierson v. Gonzales*, 73 Fed. Appx. 60 (5th Cir. 2003). Thus, Defendant Palacio's motion to dismiss is GRANTED.

## IV.   Defendant Adams

Plaintiff's Complaint lists Dr. Glenda Adams as a defendant, identifying her as the "Southern Region Supervisor" for TDCJ,[2] but does not include any factual allegations regarding her. (Compl. 2.) In his More Definite Statement, Plaintiff includes only one sentence about Adams, stating: "Dr. Glenda Adams is a witness in this suit as she has had direct relation and involvement with securing the plaintiffs need for his wheelchair, and helped the plaintiff in ORDERING Dr. Aftab Ahmad to give the plaintiff medication as ORDERED by the Pain Clinic." (Docket No. 10 at 8.)

---

[2] In her motion to dismiss Defendant Adams is identified as a Regional Medical Director for TDCJ. (Docket No. 26 at 6.)

Plaintiff concedes in his First Response to Defendants' Answer that Dr. Adams "is not and was not meant to be added as a 'defendant' in this case, but rather a witness." (Docket No. 35 at 1.) Thus, Defendant Adams's motion to dismiss is GRANTED.

## V. Defendant Livingston

Defendant Livingston, Executive Director of TDCJ, moves to dismiss based on Plaintiff's failure to allege specific facts showing Livingston's personal involvement in any civil rights violation. Plaintiff's Complaint does not include any factual allegations regarding Livingston. In his More Definite Statement, however, Plaintiff alleges that his family members contacted Livingston's secretary and told her about the deprivations Plaintiff was allegedly experiencing, but no action was taken to stop the "torture and suffering." (Docket No. 10 at 16.) This appears to be the only link between Livingston and Plaintiff's claims.

Plaintiff's allegations do not state a plausible claim for relief against Defendant Livingston. As an initial matter, there are no facts in the Complaint to support the conclusion that Defendant Livingston was ever informed about Plaintiff's alleged mistreatment. Even accepting Plaintiff's allegation that his family members told Livingston's secretary, there are no facts showing that the information was ever passed on to Livingston, nor is there any basis for such an inference. Moreover, in his original Complaint, Plaintiff specifically wrote "Respondant Supirior [sic]" when naming Livingston as a defendant, implying that Livingston was being sued based on his position as Executive Director, or on his secretary's failure to act. (Compl. at 2.) As previously discussed, however, Livingston cannot be held liable under Section 1983 based on *respondeat superior*. Thus, Defendant Livingston's motion to dismiss is GRANTED.

## VI. Conclusion

Review of Plaintiff's extensive pleadings, including his original Complaint, More Definite Statement and the lengthy memoranda accompanying each of those documents, does not reveal any basis for liability against Defendants Adams, Palacio, Khurshid and Livingston.

Because Plaintiff has already been afforded ample opportunity to amend his pleadings, and has "failed to add the requisite particularity to its claims," *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), further opportunity for amendment is not warranted here.

## DEFENDANTS' REMAINING MOTIONS

### I.   Motion to Seal Addresses (Docket No. 24)

The Office of the Attorney General for the State of Texas has submitted last known addresses for Defendants Niak and Ahmad, who have not yet been served, and move to seal that information for security reasons.  Good cause appearing, the motion is GRANTED.

### II.   Opposed Motion to Compel Signed Releases (Docket No. 81) and Opposed Motion to Compel Production (Docket No. 91)

Defendants move to compel Plaintiff to provide signed releases allowing access to Plaintiff's medical and employment records.  Defendants also seek to compel Plaintiff to produce the names and locations of all free world employers whom Plaintiff worked for prior to entering TDCJ custody, and the names and locations of all free world physicians who treated Plaintiff regarding any pain condition and/or eye condition prior to entering TDCJ.

In the Order to Answer (Docket No. 16) entered January 7, 2013, the Court stated:

> Within thirty (30) days of the filing of the answer, the parties shall disclose to each other all information relevant to the claims or defenses of any party. The parties shall promptly file a notice of disclosure after all such disclosure has taken place. No further discovery will be allowed except on further order of the court.

Defendants state that Plaintiff has not complied with this requirement and refuses to sign releases allowing Defendants to access the information or to provide information regarding his free world employers or doctors.  In response, Plaintiff denies that his employment records are relevant to this case and states that his mother already mailed a copy of all medical records in her possession to defense counsel.

The Court finds that Defendants have made a proper showing that the information sought is directly relevant to Plaintiff's claims and is discoverable under the Federal Rules of Civil Procedure. Thus, Defendants' motions (Docket Nos. 81, 91) are GRANTED and Plaintiff shall fully comply by providing the signed releases and information within ten days of this Order.

## PLAINTIFF'S MOTIONS

Plaintiff has filed numerous motions seeking various forms of relief. (Docket Nos. 13-14, 21, 30, 36, 41, 47, 50-51, 55-57, 59, 61, 66, 69-70, 86, 88, 106, 111, 115.) Although it appears many of Plaintiff's motions are premature, redundant, or otherwise without merit, for clarity, the Court will briefly address each of the motions in the order in which they were filed.

1. **Motion for Order for Defendants to Make Payment Sent to Plaintiff Under Ward of Texas Dept. Criminal Justice (Docket No. 13)**

In this motion Plaintiff asserts that after filing his present Complaint he was prescribed incorrect doses of the pain medication Neurontin, which caused renal failure and required him to be transported by helicopter to the hospital. Plaintiff seeks damages for the medical expenses related to this incident. Defendants have not responded to this motion.

The Court construes this document as a motion to amend the Complaint to add an additional claim. However, Plaintiff has not shown that this claim involves the same defendants or is closely related to the claims in his original Complaint, nor has he submitted a proposed amended complaint clearly stating his new claim. In addition, because several Defendants have already been served with the original pleadings and have responded, allowing amendment at this time would cause undue prejudice to Defendants and unnecessarily complicate this case. Thus, this motion is DENIED.

### 2. Motion to Proceed Before a Magistrate Judge (Docket No. 14)

Plaintiff moves to have this case transferred to a United States Magistrate Judge in order to expedite resolution of his claims. To date, Defendants have not consented to have this case heard by a magistrate judge, nor have they responded to Plaintiff's motion. Thus, Plaintiff's motion is DENIED.

### 3. Motion for Temporary Injunction (Docket No. 21)

Plaintiff states that he has been harassed in retaliation for pursuing this lawsuit. Plaintiff seeks a preliminary injunction requiring Defendants and other prison officials to "stop all acts both now and in the future of retaliation, medical indifference, and harassment." (Id. at 4.) Defendants have not responded to this motion.

To obtain a preliminary injunction, a plaintiff must establish the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury absent the injunction; (3) that the threatened injury to the plaintiff outweighs any harm the injunction might cause the defendants; and (4) that the injunction does not disserve public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000); *see also Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987). Because injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy, *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985), a preliminary injunction should not be granted unless the movant, by a clear showing, carries the burden of persuasion on all of the prerequisites. *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994).

Plaintiff has not satisfied each of the requirements for a preliminary injunction. Moreover, it appears Plaintiff is merely trying to expedite the relief sought in his Complaint. However, simply labeling the ongoing actions challenged in the Complaint as "retaliation" or

"harassment" is not sufficient to show an entitlement to injunctive relief. To the extent Plaintiff's motion seeks to add new claims, he cannot do so via a motion for preliminary injunction. Thus, Plaintiff's motion is DENIED.

### 4. Motion for Appointment of Counsel (Docket No. 30)

Plaintiff moves for appointment of counsel to represent him in this case. Plaintiff's motion recites each of the relevant factors for appointment of counsel, but offers only conclusory assertions that the requirements are satisfied here. Defendants have responded to the motion, disputing Plaintiff's assertions and noting that Plaintiff is not proceeding *in forma pauperis* in this case.

Although a district court may appoint counsel in a civil case if doing so would advance the proper administration of justice, it will ordinarily only do so in exceptional circumstances. *See* 28 U.S.C. § 1915(d); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). When deciding whether appointment of counsel is warranted the court considers a number of factors, including: (1) the type and complexity of the case; (2) whether the indigent was capable of presenting his case adequately; (3) whether the indigent was in a position to investigate the case; and (4) whether the evidence would consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Id.*

Having reviewed Plaintiff's motion, the Court finds that there are no exceptional circumstances warranting appointment of counsel at this time. Plaintiff's unremitting flow of motions and pleadings shows that Plaintiff is able to adequately represent himself at this stage of the litigation. In addition, it does not appear that the issues in this case are complex or that extensive discovery by Plaintiff will be necessary. Thus, Plaintiff's motion for appointed counsel is DENIED.

5. **Motion for Preliminary Injunction and Federal Habeas Corpus (Docket No. 36)**

In this motion, Plaintiff alleges retaliation from non-parties Officer MaWanthi, Lt. Joinner, and Lt. Agumagua, resulting in an allegedly false disciplinary case. (Id. at 1-3.) Plaintiff also claims that another non-party, Dr. Smith, Defendant Dostal, and the UTMB Pain Clinic doctor had a "meeting about the plaintiff without the plaintiff being present." (Id. at 3.) From this, Plaintiff concludes that "[u]nder the laws of Federal Habeuas [sic] Corpas [sic] [Plaintiff is] illegally being confined [sic] under the illegal condition of the Staff of the Jester III Unit." (Id. at 3.) Plaintiff asks the Court to "immediately remove [him], his body, person, and all possessions from the custody of the Texas Department of Criminal Justice and Order that the plaintiff be placed in a safe environment appropriate for his health and safety . . . [w]hether that [be] Hospital, Federal Prison, etc.." (Id. at 4.)

Once again, Plaintiff has not satisfied the requirements for a preliminary injunction as outlined above. In particular, Plaintiff has not shown a substantial likelihood of success on the merits, or that the injunction sought would not have an adverse effect on the public interest. Regarding Plaintiff's request for a writ of habeas corpus, Plaintiff cannot obtain such relief in this Section 1983 suit. Instead, Plaintiff must pursue his claims regarding the allegedly improper disciplinary proceedings in a separate habeas corpus petition. Thus, Plaintiff's motion is DENIED.

6. **Motion for Contempt (Docket No. 41)**

Plaintiff asks the Court to find Defendants in contempt of a settlement agreement reached in a previous case in this district. *See Guthrie v. Livingston*, Civil Action No. H-11-0995. Defendants' response denies that any court order remains in effect from Plaintiff's previous case or that Defendants failed to comply with the terms of the settlement agreement in that case.

12

(Docket No. 42) Defendants further point out that Plaintiff previously attempted to obtain enforcement of the settlement agreement in his previous case, but his motions were denied. Plaintiff was instructed that if he "believes his current conditions of confinement are in violation of his civil rights, his recourse is through an independent lawsuit." *Guthrie v. Livingston*, Civil Action No. H-11-0995 (Docket No. 107). That instruction was apparently the impetus for the present suit.

Plaintiff's present motion appears to be an attempt to obtain the relief sought in his Complaint via a contempt proceeding, rather than by litigating this case. This approach is clearly improper. Thus, Plaintiff's Motion for Contempt is DENIED.

7. **Motion to Establish Material Facts By Way of Declarations of Witnesses for the Plaintiff Establishing Constitutional Issues Requiring Trial by Jury (Docket Nos. 47 & 50)**

In these motions Plaintiff presents identical affidavits of ten individuals in an apparent effort to show that material issues of fact remain for trial. It appears that these affidavits are intended as evidence to defeat a motion for summary judgment. Defendants have not responded to these motions.

Because there is no motion for summary judgment currently pending, there is no basis for the Court to review the affidavits submitted by Plaintiff. Thus, Plaintiff's motion is DENIED.

8. **Motion for Contempt (Docket No. 51)**

This motion is essentially a recital of the arguments presented in the previous Motion for Contempt (Docket No. 41) addressed in Part 6 above. Defendants have not separately addressed this motion. For the reasons stated previously, this motion is DENIED.

9. **Motion to Compel Orders (Docket No. 55)**

The Court construes this motion as a request to submit for decision Plaintiff's previously filed motions for appointed counsel and preliminary injunctive relief. Because those motions are addressed in this Order, this motion is DENIED as MOOT.

10. **Motion to Enter Into Evidence (Docket No. 56)**

In this motion Plaintiff again seeks to admit evidence and asks for a judgment in his favor. Defendants have responded to this motion, pointing out that Plaintiff has not properly disclosed the proffered evidence to them as required in the Order to Answer, and that the motion is premature because there is no motion for summary judgment pending. For the reasons discussed in Part 7 above, as well as those cited by Defendants, this motion is DENIED.

11. **Motion for Court Appointed Expert Witness (Docket No. 57)**

This motion seeks appointment of a medical expert witness at Court expense, and leave to serve depositions on written questions upon Defendants Ahmad and Niak. In their response, Defendants state that they intend to designate a medical expert witness or witnesses at the appropriate time, and to allow Plaintiff to depose any such expert upon a reasonable number of written questions to be determined by the Court, making a court-appointed expert unnecessary.

Plaintiff's motion is premature at this time. To date, service of process has not yet been completed upon each of the Defendants. Moreover, Defendants assert that Plaintiff has not yet provided the initial disclosures as directed in the Order to Answer. Once those issues are resolved the Court will entertain appropriate motions for discovery. Thus, Plaintiff's motion is DENIED.

**12. <u>Motion for Leave to File Joinder of Claims (Docket No. 59)</u>**

In this motion Plaintiff repeats his argument that Defendants are in contempt of the settlement agreement reached in *Guthrie v. Livingston*, Civil Action No. H-11-0995, and asks that this case "be transferred back to the original Court of Final Order on Settlement Agreement." (Docket No. 59 at 3.) Defendants have not separately responded to this motion.

Because Plaintiff was previously denied enforcement of the settlement agreement in the earlier case, which is now closed, Plaintiff's motion is DENIED.

**13. <u>Motion Requesting Leave of the Court to Joinder of Claims (Docket No. 61)</u>**

Plaintiff seeks to use Rule 18 (Joinder of Claims) to add "an additional claim . . . [of] Contempt of Court by way of Breech [sic] of Contract." (Id. at 1.) Plaintiff also cites Rule 20 in an attempt to add fifteen new Defendants to this suit. (Id. at 3.) Defendants have opposed this motion.

Permissive joinder of parties may be allowed when (1) the claims arise out of the "same transaction, occurrence, or series of transactions or occurrences," and, (2) there is at least one common question of law or fact. Fed. R. Civ. P. 20(a)(1). Plaintiff has not shown commonality between the claims and defendants he seeks to join here and the issues presented in his original Complaint. Instead, Plaintiff's motion appears to be an improper attempt to revive his entire previous lawsuit via this action. Thus, this motion is DENIED.

**14. <u>Motion for Leave to File to Supplement Defendants for Continuous Act of Retaliation and Harrassment (Docket No. 66)</u>**

This motion is another attempt to add defendants and claims to this suit. Plaintiff seeks to supplement six Defendants, because they have "continuously retaliated against Plaintiff." (Id. at 1.) The additional defendants are: (1) Warden Monty Hudspeth, (2) Assistant Warden Jones,

15

(3) Mailroom Supervisor Carol Woods, (4) Building Captain Hunt, (5) Building Lieutenant Joinner, and (6) Safe Prisons Officer Lammer.  (Id. at 1-2.)   Defendants have opposed this motion.

In its Order to Answer (Docket No. 16) the Court limited the present suit to Plaintiff's medical deliberate indifference claims and identified the proper defendants to be served. Plaintiff now seeks to add a new cause of action that is separate and distinct from his original claim.  Because Plaintiff's new claims could properly be the subject of a separate action, and adding them here would only further complicate and delay this case, Plaintiff's motion is DENIED.

### 15. Motion for Appointment of Court Appointed Expert Witness (Docket No. 70)

Plaintiff renews his motion for appointment of an expert medical witness.  As discussed in Part 11 above, this motion is premature and is DENIED.

### 16. Motion for Writ (Docket No. 86)

The Court interprets this motion as a request for a preliminary injunction requiring that Plaintiff be moved back into the unit where he was housed before the settlement agreement was reached in his previous case.  Plaintiff states that this is necessary due to ongoing harassment and abuse.  Defendants have not responded to this motion.

Because Plaintiff has not made the required showing for a preliminary injunction, this motion is DENIED.

### 17. Motion to Add Party Armeu (Docket No. 88)

Plaintiff seeks to add an additional person, Sunday Armeu, as a defendant in this case. Plaintiff states that Armeu retaliated against him and interfered with his medical treatment. Defendants oppose this motion, asserting that Plaintiff has not alleged facts showing any

actionable misconduct by Armeu and that this is another attempt to unnecessarily delay and complicate this case.

As previously noted, Plaintiff will not be allowed to add claims or defendants to this case that are not directly related to his original cause of action. Thus, Plaintiff's motion is DENIED.

### 18. Motion for Clarification (Docket No. 106)

Plaintiff asks the Court to "clarify" his Complaint to include claims under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973. Plaintiff asserts that such "clarification" is proper because he mentioned those statutes in the memoranda (Docket Nos. 2, 9) included with his Complaint and more definite statement. Defendants have not responded to this motion.

Plaintiff's motion essentially seeks amendment of the pleadings to include claims that were not presented in his original Complaint. Although Plaintiff mentioned the statutes in the argument sections of his lengthy memoranda, he did not cite them in the statement of claims presented in his Complaint. (Docket No. 1 at 5.) Moreover, Plaintiff has not filed a proper motion to amend with a proposed amended complaint as required under the Federal Rules of Civil Procedure and the time for doing so is past. Thus, Plaintiff's Motion for Clarification is DENIED.

### 19. Motion to Proceed *In Forma Pauperis* (Docket No. 111)

Plaintiff requests leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because Plaintiff has already paid the filing fee for this case, it is not clear why he now seeks IFP status. Defendants have responded to this motion asserting that Plaintiff originally paid the required fee in order to circumvent the exhaustion requirement under the PLRA and that he now seeks IFP status in order to obtain appointment of counsel. (Docket No. 113.)

Because Plaintiff has not stated the reasons for his present motion, and the court has already declined to appoint counsel at this time, Plaintiff's motion is DENIED.

### 20.  Motion for Appointment of Magistrate Judge (Docket No. 115)

This motion is a repeat of the Motion to Proceed Before a Magistrate Judge (Docket No. 14) addressed in Part 2 above.  However, Plaintiff now asserts that referral to a magistrate judge is necessary due to his "prolific filings."  For the reasons discussed previously, Plaintiff's motion is DENIED.

**ORDER**

Based on the foregoing, it is hereby ORDERED that:

1. Defendants Adams, Palacio and Khurshid's Motion to Dismiss (Docket No. 26) is GRANTED.

2. Defendant Livingston's Motion to Dismiss (Docket No. 29) is GRANTED.

3. Defendants' Motion to Seal Addresses (Docket No. 24) is GRANTED.

4. Defendants' Opposed Motion to Compel Signed Releases (Docket No. 81) and Opposed Motion to Compel Production (Docket No. 91) are GRANTED. Plaintiff shall fully comply by providing the signed releases and information within ten days of this Order.

5. Each of Plaintiff's pending motions (Docket Nos. 13-14, 21, 30, 36, 41, 47, 50-51, 55-57, 59, 61, 66, 69-70, 86, 88, 106, 111, 115.) is DENIED for the reasons set forth above. Plaintiff is warned that continued filing of redundant, vexatious or otherwise improper motions will result in sanctions which may include dismissal of this suit.

6. Defendants' Joint Motion to Stay Summary Judgment Deadline (Docket No. 44) is MOOT based on this Order. Defendants shall proceed to summary judgment as directed in the Order to Answer (Docket No. 16).

SIGNED at Houston, Texas, this 27th day of September, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE