UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES M. GUTHRIE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-1761 |
| | § | |
| KOKILA NIAK, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff James M. Guthrie, a state inmate proceeding *pro se*, filed this civil rights suit under 42 U.S.C. § 1983 alleging denial of medical care in violation of the Eighth Amendment. (Docket Nos. 1, 10.) After screening Plaintiff's claims, the Court ordered service of process upon Defendants. The Court subsequently granted motions to dismiss by Defendants Adams, Palacio, Khurshid and Livingston. (Docket No. 117.) The order of partial dismissal also denied numerous motions by Plaintiff including, *inter alia*, motions for a temporary restraining order or preliminary injunction, appointment of counsel, appointment of a court designated expert, contempt, and discovery. (Id.) Plaintiff has since re-filed many of the same motions along with various supplemental motions which are now before the Court. (Docket Nos. 129-30, 136, 138, 145, 147, 151, 153, 161, 170, 173, 179, 184.) Plaintiff has also filed a notice of appeal from the order of partial dismissal and his appeal is currently pending before the Fifth Circuit. (Docket No. 167). Defendants have filed a Motion for Sanctions against Plaintiff based on Plaintiff's alleged refusal to comply with discovery. (Docket No. 157.) Defendants have also filed a Motion to Stay Proceedings Pending Plaintiff's Interlocutory Appeal (Docket No. 169) and a Motion for Extension of Time to File Dispositive Motions (Docket No. 175). For the reasons to follow the Court will summarily deny Plaintiff's motions, grant and deny in part Defendants' motion for sanctions, and grant Defendants' remaining motions.

PLAINTIFF'S MOTIONS

The Court has previously disposed of numerous motions by Plaintiff for, among other things, preliminary injunctive relief (Docket Nos. 5, 21, 36, 86), appointment of counsel (Docket Nos. 30), appointment of an expert medical witness (Docket Nos. 57, 70), contempt or other sanctions against Defendants (Docket Nos. 41, 51), and leave to proceed *in forma pauperis* (Docket Nos. 111, 177). In a previous order addressing numerous motions by Plaintiff, the Court warned Plaintiff that continued filing of redundant, vexatious or otherwise improper motions would result in sanctions which could include dismissal of this case. (Docket No. 117 at 19.) In spite of this warning, Plaintiff has continued to file a torrent of motions seeking essentially the same relief previously denied in this case. (Docket Nos. 129, 130, 136, 138, 145, 147, 151, 153, 161, 170, 173, 179, 184.) Having reviewed these motions the Court concludes that they are redundant or otherwise without merit and, therefore, they are summarily DENIED.

Based on Plaintiff's continued filing of redundant and vexatious motions, it is FURTHER ORDERED that Plaintiff is BARRED from filing additional motions in this case without prior review by the Court. Accordingly, the Clerk's Office is shall forward all future submissions by Plaintiff in this case to the appropriate Staff Attorney for initial review *before* docketing. Any motions deemed redundant or vexatious will be returned to the Clerk's Office for entry on the docket as "Correspondence from Plaintiff," while any motions found to warrant further consideration will be docketed normally. **Plaintiff is instructed that all future submissions to the Court must include a heading clearly stating the specific relief sought as well as a statement certifying that Plaintiff has not previously sought such relief and an explanation as to how the motion differs from any previous motion for similar relief. Failure to include this information will automatically result in docketing of the submission as correspondence. Plaintiff is also warned that further filing of redundant or otherwise vexatious motions may result in additional sanctions which may include dismissal of this case.**

## DEFENDANTS' MOTIONS

### I. Motion for Sanctions

Defendants have filed a motion for sanctions against Plaintiff alleging that he has willfully refused to cooperate with discovery in this case by not providing initial disclosures and refusing to attend his court-approved deposition. (Docket No. 157.) Regarding his initial disclosures, Defendants assert that Plaintiff has submitted as exhibits to his numerous motions and other filings, documents that he has not produced through discovery and has claimed not to possess. Defendants further allege that Plaintiff willfully refused to come out of his cell to attend his court-ordered deposition on April 10, 2014, despite receiving proper notice of the deposition, failing to file a proper motion to quash the *subpoena deuces tecum* attached to the deposition notice, and offering no reasonable explanation for his refusal at the time. As sanctions for Plaintiff's alleged misconduct, Defendants request that this case be dismissed, or alternatively, that they be awarded expenses in the amount of $1454.95, an amount equal to six months of deposits to Plaintiff's inmate trust fund account.

Plaintiff has responded to the motion for sanctions by denying any misconduct and asserting that his medical condition prevented him from attending the deposition. (Docket No. 165.) Regarding the alleged failure to provide initial disclosures, Plaintiff states that many of his documents have been confiscated by prison officials and that he has provided Defendants with copies of all discoverable documents in his possession. Plaintiff further asserts that his failure to attend the deposition should be excused because he was in extreme pain and was physically unable to leave his cell at the time of the deposition.

Although Defendants allege that Plaintiff has submitted documents to the Court as exhibits to his various motions that were not included in his initial disclosures, it is unclear specifically which documents Defendants allege were not properly disclosed. Moreover, Defendants do not dispute Plaintiff's assertion that various documents were taken from him during his transfer to a new housing unit. In response to the motion for sanctions, Plaintiff states

that he has now turned over all documents in his possession. Thus, Defendants have not shown that sanctions are warranted based on Plaintiff's failure to complete initial disclosures. However, Plaintiff is cautioned that if discoverable documents are returned to him that have not yet been provided to Defendants, he must disclose those documents immediately without further order or risk sanctions.

Under Rule 37(b) of the Federal Rules of Civil Procedure, a party's failure to attend a court-ordered deposition may be treated as contempt of court, which may warrant "further just orders" for sanctions including "dismissing the action or proceeding in whole or in part" and/or requiring the disobedient party "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). Dismissal is appropriate where the party's failure to comply with discovery "involved either repeated refusals or an indication of the full understanding of discovery obligations coupled with a bad faith refusal to comply." *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir 1977).

Here, Plaintiff has not met his burden of showing that his failure to attend the deposition as ordered by the Court (Docket No. 143) was "substantially justified." Plaintiff has not offered any evidence to support his contention that he was physically unable to attend the deposition. Although Plaintiff states that he was in extreme pain from his chronic medical conditions, he has not shown that his condition on that day was substantially worse than usual; much less that it actually prevented him from attending the deposition. While Plaintiff did file a Notice of Opposition to Subpoena Duces Tecum on March 31, 2014, objecting to the deposition on the grounds that he had been transferred to a different housing unit and his legal materials had been confiscated, Plaintiff did not move to quash the subpoena, nor did he state that he was unable to attend the deposition due to his medical condition. (Docket No. 150.) Moreover, according to the sworn statement of Sergeant Daryl Sanders, the TDCJ officer in charge of Plaintiff's unit on

the day of the deposition, Plaintiff did not offer any explanation for his refusal to leave his cell other than, "It was his lawsuit and he wasn't going." (Docket No. 157-3 at 4-5.) Thus, the record reflects that despite being properly notified of the deposition, Plaintiff made no effort to attend and offered no reasonable explanation for his refusal.[1] Based on this evidence, the Court determines that limited monetary sanctions against Plaintiff are warranted and Defendants are entitled to recover their costs associated with the deposition in the amount of $391.91.[2]

Because this is the first time Plaintiff has been sanctioned in this case, the Court declines to dismiss this cause of action at this stage, but Plaintiff is cautioned that any further abuse of discovery or contempt of court will result in dismissal.

## II. Remaining Motions

Defendants have filed a Motion to Stay Proceedings Pending Plaintiff's Interlocutory Appeal (Docket No. 169) and a Motion for Extension of Time to File Dispositive Motions (Docket No. 175). Although Plaintiff has opposed the motion to stay, his opposition memorandum consists merely of a lengthy argument regarding the merits of this case and does not present any meritorious ground for denying the requested stay or extension. (Docket No. 171.) Thus, good cause appearing, Defendants' motions will be granted.

---

[1] Given that the deposition was to be held at Plaintiff's housing unit, it does not appear that attendance would have caused Plaintiff substantial additional pain. Plaintiff undoubtedly could have appeared for long enough to state on the record his reasons for not cooperating. Moreover, despite his assertion that he was in excruciating pain at the time of the deposition, Plaintiff has not shown that he requested emergency medical care or sought temporary treatment which might have allowed him to attend the deposition.

[2] The Court finds Defendants' requested amount of $1454.95 to be excessive given Plaintiff's prisoner status and medical issues.

ORDER

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's pending motions (Docket Nos. 129, 130, 136, 138, 145, 147, 151, 153, 161, 170, 173, 179, 184) are DENIED as redundant or otherwise without merit and Plaintiff is BARRED from filing additional motions in this case without prior review by the Court. The Clerk's Office shall take action as directed herein to ensure that Plaintiff does not continue to file redundant and vexations motions in this case.

2. Defendants' Motion for Sanctions (Docket no. 157) is GRANTED, in part, and DENIED, in part. Defendants are awarded costs in the amount of $391.91 incurred due to Plaintiff's failure to attend his court-ordered deposition; all other sanctions are denied. The TDCJ Inmate Trust Fund administrator shall withdraw $391.91 from the trust fund account of James M. Guthrie (TDCJ-CID NO. 1322725) as funds become available and forward it to the Office of the Attorney General for the State of Texas.

3. Defendants' Motion to Stay Proceedings Pending Plaintiff's Interlocutory Appeal (Docket No. 169) is GRANTED.

4. Defendants' Motion for Extension of Time to File Dispositive Motions (Docket No. 175) is GRANTED.

The Clerk will send a copy of this Order to the parties and to the TDCJ Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-437-4793.

SIGNED at Houston, Texas, this 10th day of September, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE